FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 27 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

NESTOR RAMON CARO CHAPARRO,

Defendant.

01-CR-1059

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On April 26, 2011, Nestor Ramon Caro Chaparro pled guilty to the fourth count of a fourteen-count indictment. That count charged that between June 1996 and June 1998, within the Eastern District of New York and elsewhere, Chaparro and his codefendants, together with others, knowingly and intentionally conspired to distribute, and possessed with intent to distribute, five kilograms or more of a substance containing cocaine, in violation of 21 U.S.C. §§ 841 and 846.

Chaparro was sentenced on April 18, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 33 and defendant's criminal history category to be category I, yielding a Guidelines range of imprisonment of between one hundred thirty-five and one hundred sixty-eight months. The count to which Chaparro pled guilty carries a maximum term of life imprisonment. *See* 21 U.S.C. § 841(b). The mandatory minimum sentence of imprisonment of ten years is inapplicable in this case, since the safety valve is applicable. *See* 18 U.S.C. § 3553(f). The maximum fine that could be imposed is $10 million. *See* 21 U.S.C. § 841(b).

Chaparro was sentenced to forty months' imprisonment, with a reduction for time served since his April 16, 2010 arrest in Brazil. A fine of $50,000 ordered, as was a supervised release term of five years. A special assessment of $100 was imposed.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure

2

that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The offense to which the defendant pled guilty is an extremely serious one. The defendant traveled to the United States to assist in the distribution of approximately 500 kilograms of cocaine. After the bricks of cocaine were unpacked from blocks of paper pulp in which they had been concealed, the defendant counted them and assisted in their delivery and distribution. He was indicted by a federal grand jury in Brooklyn in August 2001, and was a fugitive until April 2010, when he was arrested in Brazil.

Other considerations, however, support the imposition of a non-Guidelines sentence. Defendant is forty-four years old and is a citizen of Colombia. Defendant's father, an influential and important Colombian citizen, was killed in 2003 by right-wing militants. His sister was kidnapped by left-wing guerillas and held for some time; she was released after the family paid a $500,000 ransom. Chaparro has a number of half-siblings and four children. He is in regular contact with his offspring and provides them substantial financial support. Defendant's physical health suffered during his incarceration in federal prison in Brazil; the conditions of the prison in which he was placed were apparently quite poor. His health has improved substantially since his extradition in February 2011 to the United States, although he suffers from a variety of minor ailments. He has expressed a great deal of remorse for his crime; he states that he became involved in crime only after a failed business venture threatened seriously his family's finances.

A sentence of forty months' imprisonment—with credit given for the time that the defendant has already been incarcerated—and the substantial fine ordered reflect the seriousness

of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the lengthy term of imprisonment ordered, as well as the fine imposed. Specific deterrence is of less importance in this case, as the defendant appears unlikely to engage in criminal behavior in the future.

Jack B. Weinstein
Senior United States District Judge

Dated: April 18, 2012
Brooklyn, New York